ROGERS, J.
 

 (dissenting).
 

 My reasons for dissenting in this case are briefly these: As stated in the majority opinion, “Nicholas” and “Nickols” are not idem sonans. They represent names of different and distinct persons. Miller, the plaintiff, dealt with the property in dispute on the faith of the public records. Miller, through mesne conveyances, purchased the property of Alexander Nicholas from Alexander Nicholas, the record owner. On the other hand, Brugier, the defendant, through mesne conveyances, purchased the property of Alexander Nicholas from Alexander Nickols, a third person. The fact’ that Alexander Nicholas may have been known in the community as Alexander Nickols is not binding on Miller, a stranger in the community, who is not charged with knowledge of any fact not appearing on the records.
 

 The case is undoubtedly a hard one, but hard cases frequently make bad law. When one of two innocent persons must suffer a loss, the loss must be borne by the one who' by his conduct has rendered the injury possible. Brugier, the defendant, had the means of ascertaining.the nature of the title to the property he was acquiring; and it was his duty to do so. An examination of the records would have instantly disclosed that the property stood in the name of Alexander Nicholas and not in the name of Alexander Nickols. If Alexander Nicholas and Alexander Nickols were, in fact, one and the same
 
 *115
 
 person, neither Brugier nor his vendor Nelson made any effort to correct the title in that respect. By permitting the incorrect record to stand, Brugier should bear the consequent loss rather than Miller who, in good faith, acquired the property relying on the record.